# IN THE COURT OF APPEALS OF IOWA

No. 14-0939
Filed February 25, 2015

IN THE INTEREST OF D.H.,
Minor Child,

D.H., Minor Child,
        Appellant.
_____


        Appeal from the Iowa District Court for Black Hawk County, Stephen C. Clarke, Judge.


        A juvenile appeals a delinquency adjudication based on a finding he committed second-degree sexual abuse.  **AFFIRMED.**


        Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant.

        Thomas J. Miller, Attorney General, Bruce Kempkes, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Kathleen Hahn, Assistant County Attorney, for appellee State.


        Considered by Doyle, P.J., McDonald, J., and Mahan, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MAHAN, S.J.**

A juvenile appeals a delinquency adjudication based on a finding he committed second-degree sexual abuse. The juvenile contends the court abused its discretion by permitting a sex offender treatment provider to testify concerning his statements to her. The juvenile has failed to preserve error on the issue he raises on appeal. Furthermore, on our de novo review, we conclude there is sufficient evidence, without consideration of the statements, to prove beyond a reasonable doubt the juvenile committed the delinquent act of second-degree sexual abuse. We affirm the decision of the juvenile court.

**I. Background Facts & Proceedings.**

On March 2, 2012, the State filed a petition alleging D.H., who was then thirteen years old, was delinquent because he had committed sexual abuse in the second degree, in violation of Iowa Code section 709.3 (2011). The juvenile court issued a consent decree pursuant to section 232.46, suspending the proceedings and requiring D.H. to meet several conditions, including attending a sex offender treatment program. On December 12, 2013, the State filed an application requesting revocation of the consent decree due to conduct by D.H. The court revoked the consent decree and scheduled an adjudicatory hearing.

Prior to the hearing, the juvenile's counsel filed a motion in limine seeking to exclude "hearsay and prior bad acts evidence." At the hearing on the motion the juvenile's counsel stated he did not object to the admission of the report of D.H.'s counselor, Holly Helm, because it was already in the record, but objected to testimony from Helm. The State asserted it intended to call Helm to testify to D.H.'s statements to her. The court reserved ruling on the matter.

The case then proceeded to a hearing on May 1, 2014. J.M. testified that while she was visiting relatives, she, her brother W.M., and D.H. all shared a bed. She stated that D.H. touched her "bottom," and then grabbed her arm and put her hand on "his balls." W.M., who was five years old at the time of the incident, testified he saw D.H. "put his hand up her pants." The next morning D.H. told W.M. not to tell anyone. The children's mother testified that when the children returned to her house J.M. started crying and stated D.H. had touched her "butt." The mother confronted D.H., who stated he had touched J.M.'s leg.

Just prior to the State calling Helm as a witness, the juvenile's counsel renewed his motion in limine, raising objections on the grounds of hearsay, relevance, and confidentiality. Again, the court did not rule on the motion but stated the juvenile's counsel could interpose objections at the appropriate time. The following exchange occurred during direct examination of Helm:

> Q.: Okay. Did [D.H.] ever admit to you any sexual offenses? A. Yes.
> Q. And did he admit a sexual offense with a named person? A. Yes.
> Q. And who? A. There were two of them.
> Counsel: Objection, Your Honor.
> Court: All right. Interpose another question.
> Q. Did [J.] ever—or I'm sorry, did [D.H.] admit to an offense with [J.M.]? A. Yes.

The juvenile court entered an adjudicatory order on May 2, 2014, finding D.H. was a delinquent child because he had committed the offense of second-degree sexual abuse. The court specifically found the testimony of J.M. and her mother was credible. The court stated, "Also testifying for the State was Holly Helm, a certified counselor for sex offenders. [D.H.] voluntarily participated in her program. In the process of that program, [D.H.] admitted sexually offending on

J.M. He has since recanted that admission." D.H. was placed in the custody of the Iowa Department of Juvenile Court Services for suitable foster group care placement. He now appeals his adjudication as a juvenile delinquent.

**II. Standard of Review.**

Delinquency proceedings are reviewed de novo. *In re A.K.*, 825 N.W.2d 46, 49 (Iowa 2013). "Although we give weight to the factual findings of the juvenile court, especially regarding the credibility of witnesses, we are not bound by them." *Id.* We review the juvenile court's rulings on the admission of evidence for an abuse of discretion. *Id.* The objective of the proceedings is the best interests of the child. *Id.*

**III. Merits.**

D.H. contends the juvenile court abused its discretion by permitting Helm, a sex offender treatment provider, to testify concerning his statements to her. He claims his statements were privileged under sections 228.2(1) and 622.10(1) because the statements were entrusted to Helm in her professional capacity as a mental health professional.

The State asserts D.H. failed to preserve error on this claim, and we agree. Although D.H. raised the issue of confidentiality just prior to Helm's testimony, the court did not rule on counsel's objections, stating, "All right. Well, I'll let the State call the witness and you can interpose objections at the appropriate time." Counsel for D.H. objected to the question, "And who?" Although the answer was already in, the court told the State to ask another question. Counsel for D.H. made no objection to the pertinent question, "[D]id

[D.H.] admit to an offense with [J.M.]?" Also, the district court never ruled on the issue of confidentiality.

"Under our rules of civil procedure, an issue which is not raised at the trial court may not be raised for the first time on appeal." *In re N.W.E.*, 564 N.W.2d 451, 455 (Iowa Ct. App. 1997). If a party raises an issue, but the court does not rule on it, the party should bring the issue to the court's attention by a motion pursuant to Iowa Rule of Civil Procedure 1.904(2) or otherwise. *See id.* Where an issue has not been specifically raised by a party, nor addressed in the court's ruling, it has not been preserved for appellate review. *In re B.B.*, 598 N.W.2d 312, 315 (Iowa Ct. App. 1999). When an issue has not been preserved for review, we will not address it on appeal. *Id.*

Furthermore, on our de novo review of the evidence, even if we do not consider the testimony of Helm, we conclude there is sufficient evidence to prove beyond a reasonable doubt D.H. committed the delinquent act of second-degree sexual abuse. *See A.K.*, 825 N.W.2d at 49 ("We presume the child is innocent of the charges, and the State has the burden of proving beyond a reasonable doubt that the juvenile committed the delinquent acts."). J.M. gave clear and consistent testimony that D.H. touched her bottom and grabbed her arm, causing her to touch his genitals. J.M.'s testimony is supported by that of her brother, W.M., who saw the incident, and her mother. The juvenile court found J.M. and her mother were credible witnesses, and we give weight to the court's credibility findings. *See In re J.D.F.*, 553 N.W.2d 585, 587 (Iowa 1996).

We affirm the decision of the juvenile court.

**AFFIRMED.**